

NUMBER 13-10-00483-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KENDALL ALLEN,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

**On appeal from the 117th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

On March 18, 2010, pursuant to a plea bargain, appellant Kendall Allen pleaded nolo contendere to family violence assault, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2010). The trial court deferred adjudication and placed him on community supervision for three years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (West Supp. 2010). On June 24, 2010, the State filed a motion to revoke probation,

alleging that appellant violated various conditions of his community supervision, including the commission of two new assault offenses. At a hearing on June 1, 2010, the State abandoned four of its allegations, and appellant pleaded "true" to the remaining allegations. Based on appellant's plea, the trial court found that except for the abandoned allegations, appellant violated the terms of his community supervision as alleged in the State's motion, revoked appellant's community supervision, and sentenced appellant to four years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.34 (Vernon Supp. 2010).

## I. *ANDERS* BRIEF

Allen's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has concluded that there is no reversible error. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on Allen, and (3) informed Allen of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). More than an adequate time has passed, and no pro se response has been filed. *See In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and find that the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Allen's counsel has filed a motion to withdraw as his appellate counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgment to Allen and advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at

---

[2] No substitute counsel will be appointed. Should Allen wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this

3

412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
7th day of July, 2011.

---

Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3, 68.7. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.